IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LARRY V. HAWTHORNE | ) | CASE NO. 3:10CV0704 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. KATZ |
| v. | ) | |
| | ) | |
| STATE OF OHIO, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Larry V. Hawthorne brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the following Defendants: State of Ohio, Richard Cordray, Attorney General; Sandusky County, Ohio Judge John P. Kolesar; Assistant Sandusky County Prosecutor Tinisha Ollom; Sandusky County Ohio; and Sandusky County Adult Probation Officer Brent Krumnow. Plaintiff alleges that his punishment for his third speeding ticket in a year is unconstitutional and that he was coerced into signing conditions of probation that were not consistent with his plea agreement. In addition to seeking an Ohio statute be held unconstitutional, he requests damages of $25,000.00.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro*

*se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reasons, the Court finds the claims asserted in this action satisfies these criteria.

Plaintiff asserts that R.C. 4511.21(P) is unconstitutional.[1] R.C. 4511.21(P) provides in pertinent part:

> A violation of any provision of this section is one of the following:
>
> (a) Except as otherwise provided in divisions (P)(1)(b), (1)(c), (2), and (3) of this section, a minor misdemeanor;
> (c) If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to three or more violations of any provision of this section or of any provision of a municipal ordinance that is substantially similar to any provision of this section, a misdemeanor of the third degree.

He contends that this statute results in cruel and unusual punishment for what is a simple traffic violation. The point system is allegedly unfair and ambiguous in that a person can be charged with a third degree misdemeanor for three speeding violations in a year but could receive a lesser punishment if the defendant commits the same offenses over a longer period of time.

State courts along with federal courts have an obligation to protect the constitutional rights of criminal defendants. In order to prevent conflict between the state and federal courts, a state defendant with federal constitutional claims must present those claims to the state's highest court for consideration before raising them in a federal habeas corpus action. *See* 28 U .S.C. § 2254(b)(1), (c); *Harsh v. Warden, Chillicothe Correctional Inst*., 2009 WL 3378246 * 6 (S.D. Ohio, Oct. 15

---

[1] Plaintiff alleged unconstitutionality of R.C. 4511.21(O) which merely provides definitions. From the facts asserted, it appears that he meant to raise the constitutionality of R.C. 4511.21(P).

2

2009) (citing *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985)). Plaintiff should have first raised this issue in his county court case and the higher state courts.

The present case is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009).

The State of Ohio and the Ohio Attorney General are named as party Defendants, most likely pertaining to the claim that R.C. 4511.21(P) is unconstitutional. The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99(1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3. In *Will v. Michigan Dep't of State Police,* 491 U.S.

3

58, 71 (1989), the Supreme Court held that a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. Therefore, it is no different from a suit against the state itself. The State of Ohio and Ohio Attorney General Richard Cordray are dismissed as a party Defendants.

In the second part of his complaint, Plaintiff alleges that he appeared in Sandusky County Court and agreed to change his plea to "No Contest" in accordance with a Pretrial Agreement. After his attorney left the building, Probation Officer Krumnow approached him and presented him with the General Rules and Conditions of the Sandusky County Court Probation Department instructing him to sign it. Plaintiff refused to sign because the terms were different than he had agreed to. He eventually did sign the form but now feels he was coerced into doing so in violation of his rights under the Second, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Defendants Sandusky County, Ohio, Judge John P. Kolesar, Assistant Sandusky County Prosecutor Tinisha Ollom, Sandusky County Ohio and Sandusky County Adult Probation Officer Brent Krumnow are involved in this claim.

Judge John P. Kolesar is a county court judge. Plaintiff asserts that Judge Kolesar did not inform him of changes in the Pretrial Agreement. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). No facts have been alleged that reasonably suggest that this Defendant acted outside the scope of his official duties. Judge Kolsar was definitely acting

within the scope of his official duties in presiding over Plaintiff's court case.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy- whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the complaint that Assistant Prosecutor Tinisha Ollom was acting outside of the scope of her responsibilities, in fact she is not even mentioned in the body of the complaint.

Also, probation officers are entitled to quasi-judicial immunity. *Trofatter v. Michigan Dept. of Corrections*, 2009 WL 427385 * 3 (W.D. Mich., Feb. 20, 2009) (citing *Loggins v. Franklin County, Ohio,* 218 Fed. Appx. 466, 476 (6th Cir. 2007) (probation officer was entitled to quasi-judicial immunity where all of his actions were related to ensuring that the plaintiff was complying with the terms of his probation, the defendant was working for a judge in the context of a judicial proceeding, and all of the defendant's actions were intimately associated with judicial proceedings); *Balas v. Leishman-Donaldson,* 1992 WL 217735 *5 (6th Cir. Sept.9, 1992) (a probation officer performing duties to ensure a probationer was complying with the terms of probation was entitled to quasi-judicial immunity); *Schuh v. Pollard*, 2009 WL 3048721 * 16 (E.D. Mich., Sep. 15, 2009) (quasi-judicial immunity has been applied to probation officers performing duties to ensure that a probationer was complying with the terms of probation). Further, an adult probation department is not a separate, suable entity. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994). *See Farris v. Shelby County,* 2006 WL 1049320 *1 n. 2 (W.D. Tenn. April 20, 2006) (governmental divisions and departments are not suable entities).

Plaintiff has named Sandusky County as a party defendant without explaining how it is involved in this case. The Sixth Circuit has held that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or the county." *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). *See Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 692 (1978). Plaintiff's complaint fails in this regard.

Finally, Plaintiff's claim pertains to his guilty plea. Any ruling in his favor that he was deprived of his constitutional rights because of the alleged change in the terms of his guilty plea would implicate the validity of the plea. Therefore as previously discussed, Plaintiff cannot obtain relief on this claim. *Preiser,* 411 U.S. at 477; *Kuehne*, 2009 WL 1045897 at * 2.

Accordingly, this action is dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.


Date: 4/26/2010                                         /s/ **David A. Katz**
                                                        JUDGE DAVID A. KATZ
                                                        UNITED STATES DISTRICT JUDGE